UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Charles Lamont Britt : Case No. 3:17-CV-02159-JCH

Plaintiff,

V.

Elm City Communities

       Defendant.  :  May 7, 2018
~~May 1, 2018~~

SCANNED at and Emailed
5/24/18 date   by CClug initials   18 pages No.

FEDERAL RULE OF CIVIL PROCEDURE 12(f) MOTION TO STRIKE DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT ON GROUNDS OF FALSE ANSWERS IN THE PLEADING

The plaintiff Charles Lamont Britt being duly sworn depose and state,

I. STATEMENT OF FACTS

1. March 2015 plaintiff entered into a Tenant landlord lease agreement with defendant.

2. December 2015 defendant accepted allegations made by members of the New Haven Police

1

Department Narcotics Enforcement Unit on Face value and drafted a PreTermination Notice of the lease agreement instituting eviction of plaintiff. SEE EXHIBIT-B

3. August 2017 A Connecticut Superior Court (GA23) Judge, (Karen Nash Sequino) chose to abandon the action caused by the allegation used by the defendant as cause to institute the eviction.

4. August 29, 2017 defendant received a letter from plaintiff informing defendant of Courts abandonment of the cause of the eviction in a good faith attempt to resolve this matter privately and was rejected. SEE EXHIBIT-A

5. December 2017 plaintiff filed a 42 U.S.C. 1983 complaint against defendant.

6. March 2018 Notice of Appearance by Donn A. Swift on behalf of defendants.

7. March 2018 docket entry answer to plaintiff's complaint due 4/9/2018.

8. April 11, 2018 defendant answers plaintiff's complaint

2

two (2) days late.

## II. ARGUMENT IN SUPPORT OF FEDERAL RULE OF CIVIL PROCEDURE 12(f) MOTION TO STRIKE DEFENDATS ANSWER TO PLAINTIFF'S COMPLAINT ON GROUNDS OF FALSE ANSWERS IN THE PLEADING

The plaintiff respectfully request that the Honorable Judge of this Court Strike the defendants pleadings on grounds of false answers in the pleading. The following EXHIBITS are clear evidence of defendants false answers.

1. EXHIBIT(S) A and B confirms plaintiff's first claim and is evidence of defendant claiming not to have enough information to admit or deny plaintiffs first claim is false.

2. EXHIBIT-B confirms plaintiff's second claim due to the fact it shows and proves the defendant evicted the plaintiff based on ALLEGATIONS of criminal activity and nowhere in the violation section(s) sited does it state a tenant can and will be evicted based on ALLEGATIONS of criminal activity. This is evidence the defendants denial of plaintiffs second claim is

3

false.

3. EXHIBIT-C shows and prove that plaintiff was hospitalized approximately a month prior to the date of the ALLEGATION of criminal activity and there was _no activity_ at plaintiff's dwelling for approximately a month prior to the ALLEGATION of criminal activity, therefore, it is not probable that plaintiff's dwelling was the target of an ongoing investigation and for defendant to admit to plaintiff's third claim is to admit they accepted the ALLEGATION of criminal activity on face value.

4. EXHIBIT(S) A and B confirms plaintiff's seventh claim which is evidence the defendants denial of plaintiff's seventh claim is false.

5. EXHIBIT-B shows and prove defendant made insulting allegations against plaintiff in defendants Pre-Termination Notice which is evidence defendants denial of plaintiff's thirteenth claim is false.

### III. CONCLUSION

Based on grounds the plaintiff's EXHIBITS discloses the particulars necessary to expose false answers in defendant's pleading and support

plaintiff's claims, plaintiff respectfully request that the Honorable Judge of this Court rule in the interest of justice by granting plaintiffs motion to strike defendants answer to plaintiff's complaint.

By signing this motion, I certify, under the penalty of perjury that the information contained in this motion is true and accurate to the best of my knowledge. I understand that if I lie in this motion, I may be prosecuted for perjury, and prison and/or a fine of $250,000.00. See 18 U.S.C. Section 1621, 3571

Signature _Charles Q. Bitt_

Signed at _Carl Robinson C.I._   on   _5-7-2018_
         (Location)                   (Date)

5

## CERTIFICATION

This is to certify that the foregoing was e-filed by Plaintiff on May 7, 2018 via PRISONER ELECTRONIC FILING PROGRAM. Parties may access this filing through the Court's CM/ECF System, Including:

Donn A. Swift Esq.
LYNCH, TRAUB, KEEFE & ERRANTE, P.C.
52 TRUMBULL STREET, POB 1612
NEW HAVEN, CT 06510
Federal Bar No. ct05274
E-Mail: DSwift@LTKE.com
TEL (203) 787-0275
FAX (203) 782-0278

15

EXHIBIT - A

9/21/2017



Charles L. Britt #210220
Enfield C.I.
P.O. Box 1500
Enfield, CT 060682-1500

**Karen DuBois-Walton**
*Executive Director*

Re: Informal hearing request

Dear Charles L. Britt:

Elm City Communities/Housing Authority of the City of New Haven (ECC/HANH) received your request for an informal hearing on 8/29/17. Be advised that ECC/HANH's Hearing and Grievance Policy is applicable only to applicants and residents and only under certain qualifying circumstances. Therefore, your request has been denied.

Per your other request, please find enclosed a copy of the pretermination notice ECC/ HANH issued to you on 12/1/15.

Should you have any questions, please feel free to contact me at (203) 498-8800 extension 1092.

Sincerely,

*Victoria Rodriguez*

Victoria Rodriguez
Paralegal
Legal Department

Enclosure

Housing Authority of the City of New Haven's Elm City Communities
360 Orange Street, P.O. Box 1912, New Haven, CT 06511
(203) 498-8800 • TTD (203) 497-8343 • www.newhavenhousing.org

6

1 OF 1




EXHIBIT-B

**PRETERMINATION NOTICE**

December 1, 2015

Charles Britt
358 Orange Street Apt 616
New Haven, CT 06511

Dear Charles Britt

You are hereby notified that you are allegedly in violation of your dwelling lease because you have materially failed to comply with the following provisions of your lease and the rules and regulations concerning your use and occupancy of the premises, as set forth below.

I.

  A. <u>Violation of Section 6. TENANTS OBLIGATIONS</u>:

    "Tenant . . . must follow the following requirements":

      (A) Comply with all state and federal laws imposed on the Tenant(s).

      (CC) Make sure that Tenant(s), member(s) of the household, guest(s), or other person(s) under the Tenants control do not and will not engage in any activity on or near HANH property which threatens the health, safety or right to peaceful enjoyment of any HANH property by other tenant(s) or HANH employees.

      (DD) Make sure that Tenant(s), member(s) of the household, guest(s), or other person(s) under the Tenants control do not and will not engage in any drug- related criminal activity or in any other criminal activity that threatens the health, safety or right to peaceful enjoyment of other residents.

      (HH) Abide by necessary and reasonable rules made by HANH for the benefit and well-being of the housing development and the Tenants.

      (MM) Ensure that all household members (and guests, where applicable) avoid all other prohibited activities, including those specified in section 10(B)(d), Reasons for Termination of the lease.

You are allegedly in violation of these sections of your lease because your unit has been the target of an ongoing investigation regarding drug sales. Your unit has been identified by the Narcotics Enforcement Unit of the New Haven Police Department as the location for the sale of drugs. On October 7, 2015 the

Narcotics Enforcement unit of the New Haven Police department developed an operational plan, which utilized a New Haven Police cooperating witness to make a controlled purchase of narcotics at 358 Orange Street, Apartment 616, New Haven Connecticut. The controlled witness was equipped with audio and video surveillance to capture the controlled purchase inside the defendants' unit of 358 Orange Street, Apartment 616. The controlled witness went to 358 Orange Street where he asked the defendant where he could get "perks at". The Defendant told the controlled witness he had OxyContin. The controlled witness and the defendant went into his apartment where the defendant gave the controlled witness four rounded pills with the number 223 printed on them. The Controlled witness gave the defendant $20.00 for the pills. The controlled witness left the apartment and traveled to the agreed upon location with the New Haven Police Department where the pills were identified to be Oxycodone a narcotic substance.

On or about November 16, 2015, the New Haven Police Department secured an arrest warrant for Charles Britt for the sale of narcotics. On November 16, 2015 the New Haven Police department Narcotics Unit arrested Charles Britt and charged him with sale of a narcotic substance, and sale of a narcotic substance within 1500 feet of school.

This conduct constitutes a violation of your lease.

B.   Section 10 – Termination of the Lease

(B) Termination by HANH

(d)   Reasons for Termination – The lease may be terminated by the PHA at any time by giving written notice for violation of material terms of the lease, including but not limited to:

(5)   Failure to fulfill Tenant(s) obligations in the lease, the ACOP, and other HANH rules, regulations, or addenda to the lease.

(28)   Failure to abide by necessary and reasonable rules made by the PHA for the benefit and well being of the housing project and Tenants.

(29)   Drug-related or other criminal activity, including:

(d) Any criminal activity by the Tenant, any household member, or visitor of the Tenant that threatens the health, safety, and right to peaceful enjoyment of the premises by other residents, or that threatens the health, safety, and right to peaceful enjoyment of their

residences by other residents residing in the immediate vicinity of the premises.

II.

C. <u>Violation of Connecticut General Statutes Sections 47a-11(g) Sec 47a-15C and D and 47a-32:</u>

"<u>Sec. 47a-11. Tenant's responsibilities</u>. A tenant shall: . . . (g) Conduct himself and require other persons on the premises with his consent to conduct themselves in a manner that will not disturb his neighbors' peaceful enjoyment of the premises or constitute a nuisance, as defined in section 47a-32 . . . ."

"<u>Sec. 47a-32. Nuisance defined</u>. In any action of summary process based upon nuisance, that term shall be taken to include, but shall not be limited to, any conduct which interferes substantially with the comfort or safety of other tenants or occupants of the same or adjacent buildings or structures."

"<u>Sec 47a-15C and D Serious Nuisance.</u> Conduct which presents an immediate and serious danger to the safety of other tenants or the landlord, or (D) using the premises or allowing the premises to be used for prostitution or the illegal sale of drugs, in the case of a housing authority, using any area within fifteen hundred feet of any housing authority property in which the tenant resides for the illegal sale of drugs..."

You are allegedly in violation of these sections of the Connecticut General Statutes because your unit has been the target of an ongoing investigation regarding drug sales. Your unit has been identified by the Narcotics Enforcement Unit of the New Haven Police Department as the location for the sale of drugs. On October 7, 2015 the Narcotics Enforcement unit of the New Haven Police department developed an operational plan, which utilized a New Haven Police cooperating witness to make a controlled purchase of narcotics at 358 Orange Street, Apartment 616, New Haven Connecticut. The controlled witness was equipped with audio and video surveillance to capture the controlled purchase inside the defendants' unit of 358 Orange Street, Apartment 616. The controlled witness went to 358 Orange Street where he asked the defendant where he could get "perks at". The Defendant told the controlled witness he had OxyContin. The controlled witness and the defendant went into his apartment where the defendant gave the controlled witness four rounded pills with the number 223 printed on them. The Controlled witness gave the defendant $20.00 for the pills. The controlled witness left the apartment and traveled to the agreed upon location with the New Haven Police Department where the pills were identified to be Oxycodine a narcotic substance.

9

On or about November 16, 2015, the New Haven Police Department secured an arrest warrant for Charles Britt for the sale of narcotics. On November 16, 2015 the New Haven Police department Narcotics Unit arrested Charles Britt and charged him with sale of a narcotic substance, and sale of a narcotic substance within 1500 feet of school.

This conduct threatens the health, safety, and right to peaceful enjoyment of by other tenants and employees. This conduct presents an immediate and serious danger to the safety of other tenants or the landlord. Allowing the use of the premises for the illegal sale of drugs is a serious nuisance.

If you wish to contest this claim regarding your lease and statutory violations, you have a right to discuss this matter at a private conference with the Landlord or request a grievance hearing before an impartial person or panel. If you wish to request a grievance hearing, you must notify the Landlord within fifteen (15) days of the above date, and personally deliver your request and obtain a receipt or mail your request by Certified Mail, Return Receipt Requested, to the Landlord.

Because the violation involves criminal activity, the Landlord may decline to afford you a grievance hearing. If you do not timely request a private conference or a grievance hearing, or if the requested grievance hearing is resolved against you, an immediate action to recover possession of the premises may be commenced by the Housing Authority of New Haven based on the allegations as set forth. A notice to quit, terminating your tenancy will precede any such action.

If the above noted violations can be and are remedied by repair or payment of damages on your part within fifteen (15) days of this notice, no action will be taken against you based on these violations, if however, the above noted violations cannot be or are not remedied within that fifteen (15) day period, your rental agreement shall terminate on a date not less than thirty (30) days after you receive this notice, which date will be set forth with particularity in a Notice to Quit.

You have the right to make such reply as you wish, the right to be represented by counsel, and the right to examine and copy, prior to trial, any relevant documents, records, or regulations directly related to the termination.

In the event that judicial proceedings for your evictions are instituted, you will be entitled to present any defense that you may have under the laws of the state of Connecticut.

Sincerely,

Attorney Rebecca Harris
For the New Haven Housing Authority

YNH 20 YORK ST  
20 York Street  
New Haven CT 06510

BRITT,CHARLES L  
MRN: MR450931  
DOB: 5/28/1975, Sex: M  
Adm: 9/17/2015, D/C: 10/6/2015

**Discharge Summaries by Onofrio, Maria, PA at 9/17/2015 3:11 PM**

Author: Onofrio, Maria, PA       Service: Orthopedics             Author Type: Physician Assistant  
Filed: 10/6/2015 10:54 AM        Date of Service: 9/17/2015 3:11 PM   Status: Signed  
Editor: Onofrio, Maria, PA (Physician Assistant)                  Cosigner: Casemyr, Natalie Elaine, MD at 10/7/2015 9:47 AM



# Yale-New Haven Hospital
## Yale New Haven Health

### Med/Surg Discharge Summary

| Patient Data: | |
|---|---|
| Patient Name: Charles L Britt | |
| Age: 40 y.o. | |
| DOB: 5/28/1975 | |
| MRN: MR450931 | |

**Admit date:** 9/17/2015

**Discharge date:** 10/6/2015

**Discharge Attending Physician:** Casemyr, Natalie Elaine,*

**PCP:** Thompson, Ellen, APRN (General)

**Principal Diagnosis:** left tibial plateau fracture injury sustained on 9/17/2015

**Other Diagnosis:**  
Left lateral meniscus tear

**Principal Procedures:**  
9/17/2015: Surgical stabilization of left tibial plateau and placement of external fixator performed by Dr. Leslie.

9/30/2015 Surgical stabilization of left tibial plateau fracture, repair of left lateral meniscus tear, performed by Dr. Natalie Casemyr.

**Discharged Condition:** fair

**Disposition:** Home with Homecare Services

| Allergies | |
|---|---|
| No Known Allergies | |

**Hospital Course:**  
HPI: Mr. Britt is a 40 y.o. male who was seen in the ER on 9/17/2015. The patient was walking in fair haven and was assaulted by a a person with a baseball bat who hit him repeatedly. Denies hitting head, denies LOC, Denies n/v/cp/sob. Reported having one one drink last night. Following radiographs he was found to have a left tibial plateau fracture and admitted to the orthopaedic service.

Following informed consent including risks and benefits of surgical intervention, patient underwent the above mentioned procedure on 9/17/2015 by Dr. Michael Leslie. Following strict elevation and optimization of skin integrity the patient then returned to the operating room on 9/30/2015 for definitive management consisting of open reduction internal fixation of left tibial plateau fracture as well as left lateral meniscus repair; performed by Dr. Natalie Casemyr. Following each procedure,

YNH 20 YORK ST
20 York Street
New Haven CT 06510

BRITT,CHARLES L
MRN: MR450931
DOB: 5/28/1975, Sex: M
Adm: 9/17/2015, D/C: 10/6/2015

**Discharge Summaries by Onofrio, Maria, PA at 9/17/2015 3:11 PM (continued)**

patient returned to the Orthopaedic unit for continued monitoring and management of injury. Patient was maintained on Lovenox, and sequential compression devices for VTE prophylaxis.
The patient activity remains touch down weight bearing to left lower extremity. The patient is to follow-up with Dr. Natalie Casemyr in approximately 2 weeks.

During the hospital stay the patient was noted to be febrile. A chest xray and urinalysis obtained on 10/1, chest xray was negative and urinalysis was concerning for UTI. The patient was initiated on Ceftriaxone and patient encouraged to use incentive spirometer. The patient continued to be noted to be febrile on 10/2. Blood cultures and ultrasound of bilateral lower extremities obtained. All noted to be negative. The patient was continued on Ceftriaxone. He was no longer febrile. He continued to be monitored without further intervention warranted.

During the hospital stay the patient was transitioned from intravenous to oral pain regime. The patient's diet advanced as tolerated. The patient also worked closely with physical therapy.

Once patient noted to be hemodynamically and clinically stable, disposition planning initiated. Prior to discharge patient tolerating a regular diet, po pain medications, voiding spontaneously and seen by physical therapy who recommended patient be discharged safely home.

VTE Prophylaxis (blood clot prevention): The patient will be discharged on Lovenox 40 mg daily for a total of 6 weeks from definitive surgical management. To be completed through 11/11/2015.

Any additional discharge instructions will be entered elctronically.

**Discharge vitals:**
Blood pressure 121/73, pulse 81, temperature 98.1 °F (36.7 °C), temperature source Oral, resp. rate 18, height 5' 11" (1.803 m), weight 90.719 kg, SpO2 98 %.

**Discharge Physical Exam:**
Physical Exam

Physical Exam was performed on the day of discharge

**Discharge Medications:**
**Current Discharge Medication List**

**START taking these medications**

| | Details |
|---|---|
| **acetaminophen (TYLENOL) 325 MG tablet** | Take 2 tablets (650 mg total) by mouth every 6 (six) hours as needed (mild pain).<br>Qty: 80 tablet, Refills: 0 |
| **enoxaparin (LOVENOX) 40 mg/0.4 mL syringe** | Inject 0.4 mLs (40 mg total) under the skin daily. To complete a 6 week blood clot prevention course through 11/11/2015<br>Qty: 36 Syringe, Refills: 0 |
| **oxyCODONE (ROXICODONE) 5 MG immediate release tablet** | Take 1 or 2 tablets every 4 or 6 hours as needed for moderate or severe pain. Titrate as directed as tolerated.<br>Qty: 60 tablet, Refills: 0 |
| **senna-docusate (SENNA-PLUS) 8.6-50 mg tablet** | Take 2 tablets by mouth 2 (two) times daily. Hold for loose stool.<br>Qty: 40 tablet, Refills: 0 |

Generated on 9/15/2017 10:24 AM

2 of 4

YNH 20 YORK ST
20 York Street
New Haven CT 06510

BRITT,CHARLES L
MRN: MR450931
DOB: 5/28/1975, Sex: M
Adm: 9/17/2015, D/C: 10/6/2015

**Discharge Summaries by Onofrio, Maria, PA at 9/17/2015 3:11 PM (continued)**

**Follow-up Information:**
(CC) SOUTH CENTRAL VNA
1 Long Wharf Drive Po Box 9422
New Haven Connecticut 06534
203-859-6070


Casemyr, Natalie Elaine, MD
800 Howard Ave
1st Floor
New Haven CT 06510
203-785-2579

On 10/15/2015
Orthopaedic Surgeon at 9:00 am

Thompson, Ellen, APRN
374 Grand Avenue
New Haven CT 06513
203-752-5193


Primary Care Physician as needed.

| PMH | PSH |
|---|---|
| Past Medical History<br>Substance abuse<br>~~[redacted]~~<br>Depression<br>Anxiety<br>Asthma | History reviewed. No pertinent past surgical history. |

| Social History | | Family History | | |
|---|---|---|---|---|
| **History**<br>Substance Use Topics<br>• Smoking status:<br>    Types:<br>    Last Attempt to Quit:<br>• Smokeless tobacco:<br>• Alcohol Use: | Current Every Day Smoker --<br>0.25 packs/day<br>Cigarettes<br>06/06/2013<br><br>Never Used<br>0.0 oz/week | **Family History**<br>Problem<br>• Hypertension | Relation<br><br>Mother | Age of Onset |

**Electronically Signed:**
Caroline M. Hillman, PA

Generated on 9/15/2017 10:24 AM

13
3 OF 4.

YNH 20 YORK ST
20 York Street
New Haven CT 06510

BRITT,CHARLES L
MRN: MR450931
DOB: 5/28/1975, Sex: M
Adm: 9/17/2015, D/C: 10/6/2015

Discharge Summaries by Onofrio, Maria, PA at 9/17/2015  3:11 PM (continued)

10/6/2015

**Addendum :**

**NONE**

---
**END OF REPORT**
---