**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CHARLES LAMONT BRITT,<br>    Plaintiff, | CIVIL ACTION NO.<br>3:17-cv-02159 (JCH) |
| v. | |
| ELM CITY COMMUNITIES,<br>    Defendant. | JULY 24, 2018 |

**RULING RE: MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 17), MOTION TO STRIKE ANSWER (DOC. NO. 18), SUPPLEMENTAL MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 19) & MOTION TO STRIKE OBJECTION (DOC. NO. 24)**

## I. INTRODUCTION

Pro se plaintiff Charles Lamont Britt ("Britt") filed a Complaint on December 27, 2017, against defendant Elm City Communities ("Elm City") in connection with an eviction from his dwelling. See generally Complaint ("Compl.") (Doc. No. 1). On April 11, 2018, Elm City filed its Answer (Doc. No. 15). Now before the court are Britt's Motion for Judgment on the Pleadings ("Pl.'s Mot. for J.") (Doc. No. 17); Supplemental Motion for Judgment on the Pleadings ("Pl.'s Suppl. Mot. for J.") (Doc. No. 19); Motion to Strike Answer ("Pl.'s Mot. to Strike Answer") (Doc. No. 18); and Motion to Strike Objection ("Pl.'s Mot. to Strike Obj.") (Doc. No. 24).

For following reasons, all four motions are denied.

## II. MOTIONS TO STRIKE

Britt seeks to strike parts of Elm City's Answer. See generally Pl.'s Mot to Strike Answer. He also seeks to strike in its entirety Elm City's Objection to Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 22). See generally Pl.'s Mot. to Strike Obj.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the court may

1

strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." However, "[m]otions to strike are not favored." IMG Fragrance Brands, LLC v. Houbigant, Inc., No. 09 CIV. 3655 (LAP), 2009 WL 5088750, at *1 (S.D.N.Y. Dec. 18, 2009). In the Second Circuit, "it is settled that the motion [to strike] will be denied, unless it can be shown that no evidence in support of the allegation that movant wishes to strike would be admissible." D'Alosio v. EDAC Techs. Corp., No. 16-CV-769 (VAB), 2017 WL 1439663, at *1 (D. Conn. Apr. 21, 2017) (quoting Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976)) (internal alterations omitted). "[I]n order to succeed on a Rule 12(f) motion to strike surplus matter from an answer, plaintiff must show that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." DDR Const. Servs., Inc. v. Siemens Indus., Inc., 770 F. Supp. 2d 627, 664 (S.D.N.Y. 2011) (quoting 5C Wright et al., § 1380) (internal alterations omitted); see also Lynch v. Southampton Animal Shelter Found. Inc., 278 F.R.D. 55, 63 (E.D.N.Y. 2011) ("[T]o prevail on a Rule 12(f) motion to strike, the movant must show '(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant.') (quoting Roe v. City of New York, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001)).

Elm City's Answer contains only the bare minimum necessary to answer the Complaint. For each allegation in the Complaint, Elm City responds with one of three standard answers: (1) "Admitted"; (2) "Denied"; or (3) "Based upon information available, the defendant cannot admit or deny this allegation, therefore leaves the

2

plaintiff to his proof." See generally Answer. Britt contends that some of these answers should be stricken because they are false. See Pl.'s Mot. to Strike Answer at 3. However, disagreeing with Elm City's version of the facts is not a proper basis for striking an answer. See Fequiere v. Tribeca Lending, No. 14-CV-0812 RRM LB, 2015 WL 1412580, at *2 (E.D.N.Y. Mar. 20, 2015) (noting that factual disagreements are not grounds for striking an answer); Jamison v. Fischer, No. 11 CIV. 4697 RJS, 2012 WL 4767173, at *7 (S.D.N.Y. Sept. 27, 2012) (same). As Elm City's Answer contains no extraneous statements, Britt's Motion to Strike Answer is denied.

Likewise, the court will not strike Elm City's Objection to Plaintiff's Motion for Judgment on the Pleadings. "Rule 12(f) allows a court to strike pleadings only." McKinney v. Dzurenda, No. 3:10CV880 AVC, 2013 WL 1296468, at *1 (D. Conn. Mar. 27, 2013). Objections to motions are not pleadings. See Fed. R. Civ. P. 7(a) (pleadings only include complaint; third-party complaint; answer to complaint, counterclaim, crossclaim, or third-party complaint; and a reply to an answer, if ordered by the court). It is therefore inappropriate to strike Elm City's Objection. See Santiago v. Owens-Illinois, Inc., No. CIV.3:05CV00405JBA, 2006 WL 3098759, at *1 (D. Conn. Oct. 31, 2006) (denying motion to strike opposition memorandum); McKinney v. Dzurenda, No. 3:10CV880 AVC, 2013 WL 1296468, at *1 (D. Conn. Mar. 27, 2013) (denying motion to strike plaintiff's declaration).

Even if Rule 12(f) did not make the Motion to Strike inappropriate, the court would deny the Motion to Strike for another reason: there is nothing in Elm City's Objection for which there is any grounds to strike. Britt merely disagrees with Elm City's Objection, which, by itself, does not provide a basis to strike it.

### III. MOTIONS FOR JUDGMENT ON THE PLEADINGS

Having denied Britt's two Motions to Strike, the court concludes that there is no basis for granting Britt's two Motions for Judgment on the Pleadings. "A party is entitled to judgment on the pleadings under Rule 12(c) if it has established that it is entitled to judgment as a matter of law and that no material issue of fact remains unresolved." Ross v. New York, No. 15-CV-3286 (JPO), 2017 WL 354178, at *1 (S.D.N.Y. Jan. 24, 2017) (citing Juster Assocs. v. City of Rutland, Vt., 901 F.2d 266, 269 (2d Cir. 1990)). Here, Elm City's Answer denies numerous factual allegations relating to Britt's eviction. See, e.g., Answer at ¶¶ 7–13. Britt does not argue that these disputed factual allegations are immaterial to his claims. Thus, as Britt has failed to show the absence of a material issue of fact, the court denies his Motions for Judgment on the Pleadings.

### IV. CONCLUSION

For the foregoing reasons, the plaintiff's Motion for Judgment on the Pleadings (Doc. No. 17), Supplemental Motion for Judgment on the Pleadings (Doc. No. 19), Motion to Strike Answer (Doc. No. 18), and Motion to Strike Objection (Doc. No. 24) are **DENIED**.

**SO ORDERED**.

Dated this 24th day of July 2018 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge