# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

CHARLES LAMONT BRITT, : CASE NO. 3:17CV-02159-JCH

Plaintiff,

v.

ELM CITY COMMUNITIES,

Defendants. : APRIL 23, 2019

## DEFENDANT'S OBJECTION / REPLY TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

On February 4, 2019, the plaintiff filed a pleading titled Motion for Summary Judgment. In said motion he claims that he is filing a cross motion for summary judgment against the defendant. Upon review of the pleading, it appears to be an objection to the defendant's Motion for Summary Judgment. Out of an abundance of caution, the defendant files this motion in response to said pleading in the form of an objection in the event the Court views it as a cross motion for summary judgment and as a reply brief in the event the Court views the pleading as an objection.

The plaintiff's objection / cross motion fails to establish an issue of material fact. The plaintiff also fails to establish that he is entitled to summary judgment as a matter of law in his favor. The plaintiff's pleading fails to overcome the compelling legal arguments set forth in the

1

defendant's Motion for Summary Judgment. Thus, the defendant is entitled to summary judgment as a matter of law.

I. **ARGUMENT**

The defendant served Mr. Britt with a pre-termination notice and later an eviction proceeding based on two things: (1) his arrest stemming from illegal drug activity happening on the defendant's premises at 358 Orange Street, New Haven, CT and (2) the report of ongoing illegal drug activity happening within the plaintiff's apartment reported by the undercover narcotics unit of the New Haven Police Department. The plaintiff makes several arguments as to why this eviction was improper. First, the plaintiff claims that it was improper because the arrest happened in Manchester, CT and not in New Haven, CT. Second, the plaintiff claims that the eviction was improper because the criminal charges were eventually dismissed. Third, the plaintiff claims the eviction was improper because he never received the pre-termination notice or the summary process papers. As will be set forth below, none of these arguments are compelling nor do they establish a question of material fact.

a. Arrest in Manchester, CT

The plaintiff claims that since he was arrested in Manchester, CT the arrest cannot be a basis for his eviction as it did not occur on the defendant's property. This is a red herring. As

2

evidenced by plaintiff's Exhibit 1, he was arrested in Manchester on an active New Haven warrant. Doc. #55, Exhibit 1. Therefore, the fact that the arrest occurred in Manchester rather than on the defendant's actual property is of no importance. The critical issue is that the Manchester arrest was the result of the New Haven warrant for Mr. Britt's illegal activity which occurred on the defendant's property.

    b. <u>Dismissal of the criminal charges does not make the eviction improper.</u>

The plaintiff next argues that the eviction was improper as the criminal charges were dismissed. This argument completely ignores the second reason for Mr. Britt's eviction: the ongoing illegal drug activity happening within the plaintiff's apartment as reported by the undercover narcotics unit of the New Haven Police Department. The plaintiff is correct in that an arrest alone cannot form the basis of an eviction from public housing. This is codified in the Housing and Urban Development's Notice PIH 2015-19 which is attached hereto as Exhibit 1. However, the reason for the pre-termination notice and subsequent eviction in this case was not based solely on the plaintiff's arrest. As stated in the pre-termination notice, the plaintiff was in violation of the lease agreement and Connecticut General Statutes Sections 47a-11(g); 47a-15C-D; and 47a-32 because his apartment was the target of an ongoing undercover investigation

3

regarding illegal drug sales. Said investigation constituted a nuisance and a violation of the lease agreement and cited statutes.

Therefore, even if the plaintiff's criminal charges were dismissed, that dismissal does not absolve the plaintiff from the fact that his apartment was a target of the New Haven Police Department's undercover narcotics investigatory team. The pre-termination notice clearly states that an eviction was going to be pursued because of Mr. Britt's violation of the lease agreement and relevant statutes given his ongoing engagement in illegal activities and the fact that illegal activities were allegedly occurring within his apartment. The plaintiff's argument that the eviction was improper because his criminal charges were dismissed fails to address the fact that the eviction was in fact proper given the ongoing undercover investigation of his apartment unit.

c. Notice was properly served in the summary process action.

The plaintiff's argument that he never received notice of the eviction is contradictory to his own affidavit and deposition testimony. As established in the defendant's memorandum of law and supporting exhibits, the defendant mailed a pre-termination notice to the plaintiff on December 1, 2015. Doc. #40; 41. The plaintiff claims in paragraph six of his affidavit that he resided at 358 Orange Street, New Haven, CT after posting bail on November 16, 2015 until December 21, 2015 when he then temporarily traveled to Lackawanna County, Pennsylvania to

4

be incarcerated on an unrelated matter. Exhibit 4, Doc. # 55. Mr. Britt further admitted in his deposition that he resided in the apartment until December 21, 2015 when he temporarily left to serve a criminal sentence. He testified:

> Q: In the affidavit you indicated that you continued to live in the apartment on Orange Street until December 21 of 2015; is that correct?
> A: Yes. I occupied it daily until December 21.

Depo. Charles Britt, Feb. 14, 2019, 23:9-13. Exhibit 2 attached hereto. Thus, it is only logical that the plaintiff received the pre-termination notice as it was mailed to him on December 1, 2015 at 358 Orange Street, New Haven, CT and he resided at that address until December 21, 2015. Therefore, Mr. Britt's argument that he never received the pre-termination notice is without merit.

As established in the defendant's memorandum of law and supporting exhibits, a notice to quit was served on Mr. Britt and was left at 358 Orange Street, his usual place of abode, on January 9, 2016. Doc. #41. Mr. Britt's affidavit and deposition testimony establish that he was incarcerated in Lackawanna County, PA from December 21, 2015 until June 2, 2016. Service of the notice to quit and summary process action at 358 Orange Street was proper for two reasons. First, as articulated in the defendant's memorandum, service at a defendant's usual place of abode is proper when the defendant is temporarily incarcerated. *See* Argent Mortg. Co., LLC v. Huertas, 288 Conn. 568 (2008). Thus, service of the notice to quit and summary process action

5

upon Mr. Britt in Lackawanna County, PA was not required as his time there was only temporary.

Furthermore, the defendant was not aware of Mr. Britt's temporary out of state incarceration when the notice to quit and summary process action were served at his usual place of abode. Mr. Britt states in paragraphs 8 and 9 of his affidavit that his mother attempted to contact the defendant so that she could be given access to his mailbox. Exhibit 4, Doc. #55. However, paragraph 9 of the affidavit establishes that Mr. Britt's mother was never able to make contact with anyone from the housing authority. Even if his mother had been able to make contact, Mr. Britt instructed her not to tell the housing authority that he was incarcerated out of state. He testified, "[i]f they ask where I'm at, just say I'm away on mental health issues. I'm dealing with mental health issues." Depo. Charles Britt, 25:13-15. Exhibit 2. Therefore, it is clear from Mr. Britt's own admissions that his mother never spoke with anyone from the housing authority and never informed the housing authority of his whereabouts as she was never able to make contact with anyone. Mr. Britt testified at his deposition that he also did not personally tell anyone from the housing authority that he was temporarily residing out of state for a criminal sentence. He testified:

> Q: Okay. So did you personally have any contact with the housing authority?
> A: I did not personally have any contact with the housing authority.
> Q: So you never told them where you were during this time of December of 2015 to June of 2016?

W:\11000-11999\11937 HAI\451 Charles Lamont Britt vs. Elm City Communities\Pleadings\2019\reply.docx

A: No.

Depo. Charles Britt, 25: 16-22. Exhibit 2.

It is clear from the evidence presented that the defendant was not on notice of Mr. Britt's temporary absence from his apartment due to his incarceration. Therefore, Mr. Britt's argument that he was improperly served with the notice to quit and summary process action is unavailing. For the reasons stated in the memorandum of law in support of the motion for summary judgment, service was proper at Mr. Britt's usual place of abode as his incarceration was only temporary in nature. Furthermore, the defendant had no way of knowing that Mr. Britt was temporarily not residing in his apartment as he actively tried to conceal that information from the housing authority.

## II.     <u>CONCLUSION</u>

The defendant respectfully asks this Court to enter summary judgment in its favor. The argument set forth in its memorandum of law and supporting exhibits (Doc. #41) and those offered above clearly demonstrate that there is no question of material fact and that the defendant is entitled to summary judgment as a matter of law.

7

W:\11000-11999\11937 HAI\451 Charles Lamont Britt vs. Elm City Communities\Pleadings\2019\reply.docx

THE DEFENDANT,

/s/ Donn A. Swift, Esq.
DONN A. SWIFT, ESQ.
LYNCH, TRAUB, KEEFE & ERRANTE, P.C.
52 TRUMBULL STREET, POB 1612
NEW HAVEN, CT 06510
Federal Bar No. ct05274
E-mail: DSwift@LTKE.com
TEL. (203) 787 0275
FAX: (203) 782 0278

## CERTIFICATION

This is to certify that the foregoing was e-filed by defendant and served by regular mail on anyone unable to accept electronic filing, on the date above mentioned. Notice of this e-filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System, including:

Charles Lamont Britt
Carl Robinson C.I.
285 Shaker Road
POB 1400
Enfield, CT 06083
LEGAL MAIL

/s/ DONN A. SWIFT, ESQ.